**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN FRALIN, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action |
| CAMDEN COUNTY JAIL, | No. 16-cv-08157 (JBS-AMD) |
| Defendant. | **OPINION** |

APPEARANCES

John Fralin, Plaintiff Pro Se
813 Walnut Street
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

1.    Plaintiff John Fralin seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## Claims Against CCJ: Dismissed With Prejudice

4.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.

say that a person was "acting under color of state law" means

that the defendant in a § 1983 action "exercised power [that the

defendant] possessed by virtue of state law and made possible

only because the wrongdoer [was] clothed with the authority of

state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation

omitted). Generally, then, "a public employee acts under color

of state law while acting in his official capacity or while

exercising his responsibilities pursuant to state law." *Id.*

at 50.

6.    Because the Complaint has not sufficiently alleged

that a "person" deprived Plaintiff of a federal right, the

Complaint does not meet the standards necessary to set forth a

*prima facie* case under § 1983. In the Complaint, Plaintiff seeks

monetary damages from CCJ for allegedly unconstitutional

conditions of confinement. The CCJ, however, is not a "person"

within the meaning of § 1983; therefore, the claims against it

must be dismissed with prejudice. *See Crawford v. McMillian*, 660

F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity

subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.

Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern

State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)

(correctional facility is not a "person" under § 1983). Given

---

*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658,
690-91 (1978).

that the claims against the CCJ must be dismissed with

prejudice, the claims may not proceed and Plaintiff may not name

the CCJ as a defendant.

7.    Plaintiff may be able to amend the Complaint to name a

person or persons who were personally involved in the alleged

unconstitutional conditions of confinement, however. To that

end, the Court shall grant Plaintiff leave to amend the

Complaint within 30 days of the date of this order.

<u>**Conditions Of Confinement Claims:**</u>
<u>**Dismissed Without Prejudice**</u>

8.    Second, for the reasons set forth below, the Court

will dismiss the Complaint without prejudice for failure to

state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9.    The present Complaint does not allege sufficient facts

to support a reasonable inference that a constitutional

violation has occurred in order to survive this Court's review

under § 1915. Even accepting the statements in Plaintiff's

Complaint as true for screening purposes only, there is not

enough factual support for the Court to infer a constitutional

violation has occurred.

10.    To survive *sua sponte* screening for failure to state a

claim[3], the Complaint must allege "sufficient factual matter" to

---

[3] "The legal standard for dismissing a complaint for failure to
state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the
same as that for dismissing a complaint pursuant to Federal Rule

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

11.  A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

---

of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

12.   However, with respect to the alleged facts giving rise
to Plaintiff's claims, the present Complaint states in its
entirety: "I was placed in a room with 4 people. I was on the
floor near a vent were [sic] it was cold and I have a plate and
six screws in my lef were [sic] the cold bothered it." Complaint
§ III(C).

13.   Plaintiff does not specify the date(s) or time(s) that
these events occurred but lists the following years, 2003-2012
as well as the year 2015. *Id.* § III(B).

14.   Plaintiff states that these events caused him to
sustain "soreness to my leg cause of cold and catching colds."
*Id.* § IV.

15.   With respect to requested relief, Plaintiff seeks to
be "compensated to the max allowed by law." *Id.* § V.

16.   Even construing the Complaint as seeking to bring a
civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged
prison overcrowding, any such purported claims must be dismissed
because the Complaint does not set forth sufficient factual
support for the Court to infer that a constitutional violation
has occurred.

17.   The mere fact that an individual is lodged temporarily
in a cell with more persons than its intended design does not
rise to the level of a constitutional violation. *See Rhodes v.
Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by

6

itself did not violate Eighth Amendment); *Carson v. Mulvihill*,
488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking
does not constitute punishment, because there is no 'one man,
one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538
F.3d 229, 233 (3d Cir. 2008) (noting due process analysis
requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse
conditions become excessive in relation to the purposes assigned
to them."). Some relevant factors are the length of the
confinement(s), whether plaintiff was a pretrial detainee or
convicted prisoner, any specific individuals who were involved
in creating or failing to remedy the conditions of confinement,
any other relevant facts regarding the conditions of
confinement, etc.

18. Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions that were caused by
specific state actors, that caused Plaintiff to endure genuine
privations and hardship over an extended period of time, and
that were excessive in relation to their purposes. To that end,

the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

19.  Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[5]

20.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

---

[4] The amended complaint shall be subject to screening prior to service.

[5] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to November 2, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after November 10, 2014.

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes

omitted). An amended complaint may adopt some or all of the

allegations in the original complaint, but the identification of

the particular allegations to be adopted must be clear and

explicit. *Id.* To avoid confusion, the safer course is to file an

amended complaint that is complete in itself. *Id.* The amended

complaint may not adopt or repeat claims that have been

dismissed with prejudice by the Court.

21. For the reasons stated above, the Complaint is: (a)

dismissed with prejudice as to the CCJ; and (b) dismissed

without prejudice for failure to state a claim.

22. An appropriate order follows.


**May 8, 2017**                                  **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                   Chief U.S. District Judge